Good morning and may it please the court. My name is David Mercer and I represent the appellant Andrew Ryan in this case. This appeal arises from a petition that was filed in the Western District of Missouri under 18 U.S.C. section 4246 seeking to civilly commit Mr. General. This appeal presents issues of first impression for this court concerning the interpretation, application, and interrelatedness of 18 U.S.C. 4241D and 18 U.S.C. 4246A. And specifically, this appeal will require this court to interpret and apply for the first time the language in 4246A that clarifies who is subject to a civil commitment under that statute. And specifically, there are three categories, one of which I believe applies to Mr. Ryan, the other two do not apply to him, and I don't think that's in contention by the parties. But the question is whether 4246A that states that a person, quote, who has been committed to the attorney general pursuant to section 4241D, close quote, is subject to civil commitment under 4246. Mr. Ryan contends that this phrase, this statutory phrase, sets forth a condition precedent and specifically that there must be a legal and present commitment of the defendant under 4241D that must exist at the time that the government files a petition for civil commitment under 4246. As to Mr. Ryan, the district court for the Western District of Missouri lacked that condition precedent due to clear violations of 4241D. Stated differently, Mr. Ryan was not legally in the custody of the attorney general under the explicit requirements of 4241D and thus was not subject to civil commitment under 4246. Is it one of the central issues in this case, however, whether there is an order from a judge in Tennessee making the 4241 commitment? And should Mr. Ryan have not appealed that order if he felt that was an improper order without authorization and contrary to law? Shouldn't the Sixth Circuit be deciding this case? I would disagree with that. And let me explain why. Because the only court that can receive a 4246 petition for commitment is the court in which the defendant is found physically, which is the Western District of Missouri in this case. And so the court in Missouri has to make a finding that the conditions precedent that establish the viability of this lawsuit in the Western District of Missouri exists. Now, does that cause them to look at what happened in the committing district? Yes. But I know that the government's going to stand up and say that, well, we waived this issue. But we didn't waive this issue because you can't waive an issue in a lawsuit that doesn't yet exist and can't exist. This lawsuit in the Western District of Missouri can exist when it's filed here and the conditions precedent have been met. But isn't his complaint really that 4241 was violated and that comes out of Tennessee? Well, yes and no. In order for the government to submit a viable 4246 petition, the statute is explicitly clear that they have to be committed to the custody of the that says because there's a violation of the timing rules in 4241, he's no longer in the custody of the Attorney General. Yeah. And that's why this is an issue of first impression. There is no Eighth Circuit authority that says that. Is there any authority anywhere? No, not really. What about Judge Trackler's concurrence in Kerr Bow? Doesn't he actually talk about that, that basically that the timing itself is not sufficient to deprive the Attorney General of the custodial status? Now, I get that that's quite a lawyerly argument that you say the first sentence says, you know, committed to the custody and control of the Attorney General, which happened here, and that although there's a time for there, it's not this. The language itself doesn't require that sort of dependency that you're arguing. Okay, why is why is Judge Tracksler wrong? I think he's wrong because the statute is explicitly clear, 4241 D1. It says that a reasonable period will be allotted for to restore a person to competency, not to exceed four months. If that statutory language is going to have any effect, if it's not going to be rendered null and void, it has to be given effect somehow. And the way that that happens is a court facing a 4246 petition ask a very basic question. Is this person currently and presently and validly in the custody of the Attorney General pursuant to 4241 D? Well, shouldn't the result be if your position is correct on the 120th day, the person's released? Yes. And you would have gotten that relief in Tennessee. Well, that is potential, but you could also make the argument that until a 4246 petition is filed in Missouri, I don't have the ability to make that argument. I made the argument as you may not have, but his attorney in Tennessee would have. Well, then there's a slight difference between Mr. Ryan's case because he did object to the district court's handling of the case under 4241. I would concur that it wasn't appealed. But he kept raising objections on a speedy trial basis. He never pursued habeas relief. He never claimed that he's being held unlawfully by the Attorney General at this point. And yet that claim was ripe at that point, could have been raised, could have been pursued on appeal, and should have been before the Sixth Circuit, not us. Well, I would respond in two ways. First, I do believe that Mr. Ryan's criminal attorney in Tennessee did object under 4241. But the second thing is, what is the remedy in Tennessee? Well, the remedy is, you just said what the remedy was, if on the 120th day he should be released. Right. So on day 121, attorney goes into the court in Tennessee and says, the statute has been violated, release my client. And if they don't do that, you appeal it. Right. But under 4241, once a court like the court in Tennessee makes a finding that he's unrestorable, then he becomes subject to 4246. Okay. And so I certainly understand what the court is saying. In a perfect world, would the criminal attorney in Tennessee have litigated these issues to conclusion in the appellate court? Yes. But can that be a waiver in a lawsuit that does not yet exist? I'm not asking this court to review what happened in Tennessee and to pass judgment on a court that this court does not have authority over. I'm simply asking the court to enforce the explicit statutory language of 4246. It directly references 4241. Okay. Let's take a look at that. I'm sorry. Go ahead. Go ahead. Let's take a look at the language of 4241 and 4246. Under your argument, it seems to me that almost everybody I have ever, you know, I was a district judge for a long time. Everybody I've ever committed to the care, custody, and control of the attorney general to do one of these evaluations is going to have to be released because they spend 120 days moving around the country on buses and everything else. And so they start off with, well, we don't say we've got custody until he arrives at Butner. We say we don't have custody even then until we get the records because we can't do anything without the records as well. But your argument is essentially this 120 days is just 120 days. Are the wheels going to fall off nationally if we buy this? Well, I don't know about the national wheels, but I can say this, that if you look at 4241D, and this I think is critically important, is it has two periods for competency restoration. One is subparagraph D, and it says a reasonable period not to exceed four months. That's congressional intent and language right there. And if that does not appear to be a sufficient time period to reestablish competency, then under subparagraph 2, the district court has basically a blank check, as long as it's reasonable, to extend that period of evaluation for competency restoration. And this gets to the heart of my argument. These cases are critically important for a lot of reasons. The government is going to file a petition in the Western District of Missouri saying this person is mentally ill and it causes them to be a danger to society. That is important. But there's another area of importance, and that is we are going to deprive an unconvicted person of their liberty while we try to determine if they can be restored to competency. Those twin things cause these cases to be urgent. And so Judge Erickson, my concern is with this level of societal and constitutional urgency, these things should be treated as red hot on the stove. They're not. And that's exactly why in the report and recommendation, the magistrate judge argued that this case should be dismissed because the government had not answered that call of urgency. I believe that here, Mr. Ryan's case puts his finger right on the issue. Because different than Curbo, in Curbo, there was a 42-41-D1 commitment. There was a 42-41-D2 commitment. And then there was a second 42-41-D2 commitment. All of that happened in the Curbo case, not in the Ryan case. In the Ryan case, there was one order of commitment. On January 17th of 2019, the Middle District of Tennessee ordered him for a four-month commitment pursuant to D1. More than 20 months later, we now get around to a finding that he's not restorable. And then finally, there's the filing of the 42-46 petition. So Judge Erickson, to answer your question, I don't know what the national ramifications are. I know what the statute says. And I know that if this court is to not ignore the statute and to give effect to that language, then the proper course would have been dismissal and the district court erred in not doing so. Mr. Mercer, you make a good policy point. But it seems to me that, number one, the remedy is in Tennessee. Go make the complaint there that the 120 days have expired. That seems to me... And then if you look at the language of 42-41, there's no question that he's committed to the custody under... It may not still be lawful, but the statute doesn't say who continues to be properly held under 42-41. It doesn't say that. It doesn't. But on the other hand, does the statute even make sense if we don't give it that reading? Why bifurcate subparagraph D1 from D2 if we're just going to give courts a blank check to commit people for competency restoration and then subject them to 42-46 commitment? And to answer your question, I cannot say again how strongly I feel about this. This is a lawsuit that is utterly unique to the Western District of Missouri. It's a 42-46 petition that exists only here. And there are conditions that must exist only here in order for the government to make this a viable commitment petition. I'd like to save a minute for rebuttal. Thank you. Very well. Thank you. Morning, Ms. Hyde. May it please the court. My name is Cindy Hyde, and I represent the United States in this case. It's clear from your questions that you all are on top of this, you understand the issue, and I don't want to belabor a lot of points. I would have argued that the proper remedy is in the Sixth Circuit. I would like to take issue with Mr. Mercer's contention that the attorney in Tennessee objected to the 42-41D timeframe. He did complain. He wrote about it in a status report. But there's never a formal objection, and there's never a ruling by the district court on the timing of the 42-41D. And then, of course, there's no appeal. So I think the most important thing to do to spring off where the court is going with their questions is to just simply analyze the fact that there are three distinct areas in this case where Mr. Ryan is in the custody and control of the Department of Justice. Various and sundry branches, for sure. But when we start off with the by counsel, he's not competent. They send him for 42-41D. They find that he's not restorable. And I think it's important that that is not an adversarial process. It's in both parties' best interest to restore Mr. Ryan to competency. They were unable to do so, and the district court would not allow them to try to medicate him. So at that point, the district court referred Mr. Ryan for a 42-46. I think it's really important to know that when we did our hearings in the Western District of Missouri, we had the benefit of the weighted decision. And so we had two extensive hearings where we presented evidence, and we had witnesses called to try to explain to the district court, in this case, Judge Rush, the magistrate court, what had happened and why. So we were very, very specific. And then when Judge Harpool reached the issue, he held yet another hearing, and he expressed his reluctance to review what had happened in the Middle District of Tennessee. Again, that's very important because, as this court is well aware, there are 94 district courts in the United States, and all of them handle this differently. So I think the most important place to consider now is to pivot with what the Fourth Circuit has done with regard to the weighted decision. They've decided Curbo, and there's also a district court case called Tucker that deals with these issues. And what they do is say that there are these distinct time periods, but each time period should be evaluated with this in mind. Did the government move to the timing? And that's the best that we can do in these cases because every case is factually different. And so in Mr. Ryan's case, we presented all the evidence, everything that had happened. When we received him at the medical center in Springfield for his 4246 evaluation, he had COVID, he had to be quarantined for 14 days, and yet the staff there still had him evaluated and That's what we are responsible for. That's what Judge Harpool ruled, and that's what this court has to review. So how do we deal with 120 days? It says a reasonable time not to exceed 120 days. Do we read that out of the statute? No, but I do think that that is in the criminal court, in the committing court. And I think it's very important that what the court has pointed out in 4246A, it says he has been committed. It doesn't say how long he's been committed or is it still a lawful commitment. I noted in our joint appendix, pages 11 and 12, that's where the court deals with the Speedy Trial Act, and he notes that Mr. Ryan has been committed. There's no question that at the time Mr. Ryan arrived for his 4246, he was in the lawful custody of the Attorney General of the United States. Again, various branches, sometimes with the BOP, sometimes with the Marshal Service, but he never left the custody of the United States from the time he was charged and appeared on his criminal charges for threatening the President in 2018. Can I ask about this 120-day period? Mr. Mercer referenced 16 months, but as I understand it, he was committed under 4241 on January 17th, 2019. The report was actually issued at the end of October 2019, so that's nine and a half months, roughly. The additional time was taken up with a cell hearing. Is that counted against the 120 days, or where does that fit into the whole process? The judge in this case, and in fact in the order I was just referring to, specifically said that it was not to be part of the Speedy Trial Act, and so he was aware that there was a conflict of the different time frames, and I think that the judge's order excludes the cell hearing. Well, he may exclude it for Speedy Trial purposes, but I'm not talking about that. I'm talking about the 4241. In response to that, I would say, Your Honor, that throughout the criminal proceedings, and again, I'm just going back and trying to read the docket in the Middle District of Tennessee, but throughout the proceedings, there was communication with various branches. I believe he was being evaluated in Fort Worth, Texas. I could be wrong about that, but I believe that's right, and there was all kinds of communication with the court, with the evaluators at the center that was trying to evaluate his competency, so there was an ongoing dialogue. It wasn't as if he just went off to be evaluated and disappeared. As I recall, the evaluator said it took him a long time to get the documents, and then they had a lot of documents to review that were very important to the competency question, which is different from the dangerousness evaluation in 4246. Did I answer your question? Are there any other questions for me? I have just sort of a hypothetical one, and maybe I probably shouldn't even go here, but is one way that they could have challenged this is through a habeas proceeding, to say that he was being improperly held under 4241? I think they could have filed that motion, but I don't think it would have been necessary if you were in the criminal court. I think it could have been a straightforward motion for dismissal of indictment for failure to comply with 4241B. I'm still having a hard time squaring this whole process, because the way I was looking at it, it's like in June 18, 2018, he's charged with this criminal offense. Then on August 3, 2018, they decide he needs to be evaluated under 4241B. The issuing order says no more than 30 days. Well, it takes more than 30 days for him to arrive at the BOP facility. Once he arrives at the BOP facility, it takes another 30 days to get the records, right? Now, once they've got him and they've got the records, whatever is supposed to be going on, they're in a position where they should be evaluating him for that. It still takes another 135 days from that point for the BOP to act on it. All we've got in the record explaining why that happens is that basically there's some reference that the judge talked to the doctor and said, yeah, you have the time to do that. Now, is that enough? I believe it is, Your Honor. I also believe, more importantly, that it's not something that we need to consider in the Eighth Circuit, because again, that goes back to what's happening in the Middle because again, it's not an adversarial process. Everybody's working to restore Mr. Ryan to competency. They want him to be competent, and so it's not as if it's simply an evaluation for underdangerousness like under 4246. Dr. Tyner testified in the Western District of Missouri about how different those standards are and how what the evaluators are doing is completely different. And isn't that the reason why they shouldn't be in front of the Sixth Circuit rather than here? Because you're looking at all these things that are going on in Tennessee. Months are passing with just call the judge and the judge says that's okay. Right, and I don't think Judge Harpool felt like it was his place to go back and say he shouldn't have said it was okay. Well, as a practical matter, we don't let district judges tell other district judges they're wrong. Right. It would be most uncomfortable. I don't believe Judge Harpool wanted to do that. And I still think that was the right decision, and I think that's why here we are today with Mr. Ryan, who had been properly committed to the custody of the Attorney General and never left. And when he arrived for his 4246, the evaluation was done in a timely manner, and there's no violation of his rights under 4246 that need to be evaluated by this court. That's why we think Judge Harpool should be affirmed. Thank you. Thank you. Ms. Hyde. Mr. Mercer, your rebuttal. Very briefly, Your Honor. The issue of whether this legal issue was waived in Tennessee is addressed in my reply brief on page 8, just for the court's reference. And also, just to clarify, Judge Malloy, there wasn't a was filed, but the district court denied that motion, and there never was a cell hearing. Does that count against the 120 days? You said 16 months. It was actually about nine, nine and a half, 10 months. I was speaking of the total term of his commitment. I think this case is going to come down to who has the authority to enforce 4246. And I think very clearly the statute gives that authority to the district in which the litigation is filed. I don't think the statute could be any more clear that the district judge in which the 4246 petition is filed has a legal obligation to make sure that the statutory requirements are met. That can only happen in the district where the commitment petition is filed. And in that case, it's the Western District of Missouri. I think the district court in this case erred in not enforcing the statutory language of 4241D. Thank you. Thank you, counsel. The court appreciates your appearance and arguments. An interesting case will be submitted, and we'll issue an opinion in due course.